UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
MARIA COYTL, and NORMA "ANA" RODRIGUEZ :
on their own behalf and on the behalf of others       :     09 Civ. 1256 (AKH)
similarly situated,                                   :
:
         Plaintiffs,                              :
:
  - against -                                        :
:
RESTAURANT ON TENTH CORP.,                            :
AMBAROOM RESTAURANT AND LOUNGE, and                   :
CARLOS RUIZ, an individual, FELIX DEOLIO,             :
:
        Defendants.                               :
------------------------------------------------------------------------X

_____

# DEFENDANTS' MEMORANDUM OF LAW
# IN OPPOSITION TO MOTION FOR ORDER
# CONDITIONALLY CERTIFYING COLLECTIVE ACTION
_____

Roger J. Bernstein
*Attorney for Defendants Restaurant on Tenth Corp., Ambaroom Restaurant and Lounge, and Carlos Ruiz*
233 Broadway, Suite 2701
New York, New York 10279
Telephone: (212) 227-8383
rbernstein@rjblaw.com

The Fair Labor Standards Act ("FLSA") is a remedial statute whose purpose is to protect all covered workers from sub-standard pay, and there is no question that the case law interpreting the statute calls for a liberal judicial interpretation of its requirements. Nonetheless, basic standards for court certification of a collective action must be met in every FLSA case, and they have not been met here.

Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b), authorizes a collective action on behalf of employees who are "similarly situated". Hence

> [t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are "similarly situated." [citation omitted]. Neither the FLSA nor its implementing regulations define the term "similarly situated." However, courts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.

Hoffmann v. Sbarro, Inc., 982 F.Supp. 249, 261 (S.D.N.Y. 1997). Accordingly, the trial court:

> must review the affidavits or other evidence submitted by plaintiffs to decide if they have made an initial threshold showing that they are similarly situated to the employees on behalf of whom they are seeking to pursue claims.

Veerkamp v. U.S. Security Associates, Inc., 2005 WL 775931, at * 1 -2 (S.D. Ind. 2005).

In this case plaintiffs, who were waitresses serving liquor to customers in a cocktail lounge, have failed to make the required initial threshold showing of a common policy or plan. They aver that they were paid a base wage of $35 per night,

1

nothing per night, or $20 per night, plus 10% of collected tips. Neither plaintiff offers any information at all as to how other waitresses were paid, what amounts other waitresses were paid, or how many hours other waitresses worked. The sum total of plaintiffs' attempted showing is a single statement by plaintiffs, in identical affidavits, that "to the best of my knowledge, all of the persons employed by the Defendants that provided table services were subject to the same payroll practices." (Coytl Aff., ¶ 9; Rodriguez Aff., ¶ 10). This does not meet the requirement of even a minimal showing that other employees were "similarly situated". No information at all is provided as to other waitresses' pay or as to the hours that other waitresses worked. Therefore there is no showing that any other bar waitresses working at Ambaroom were paid less than the minimum wage applicable to these positions.[1] And unlike the *Hoffman* case, *supra*, in this case is there is no admission by the defendant of any "common policy" that would support certification of a collective action.

Plaintiffs may seek to file new affidavits in their reply papers attempting to remedy their failure to make the minimum showing. However, any such effort should be rejected, as the strategy of withholding evidence until reply papers are filed prevents a party opposing a motion from being able to address the movants'

---

[1] For waitresses with tip income at the levels here, the applicable minimum wage was considerably lower than the minimum wage for conventional employees.

arguments and evidence.  See Abdel-Khalek v. Ernst & Young, L.L.P., 1999 WL 190790, at *6 (S.D.N.Y. 1999) (party "improperly raises this argument for the first time in its reply papers and thus it need not be considered by this Court.  *See, e.g., Playboy Enterprises. Inc. v. Dumas*, 960 F.Supp. 710, 720 n. 7 (S.D.N.Y.1997) (stating that "[a]rguments made for the first time in a reply brief need not be considered by a court" and collecting cases), *aff'd*, 159 F.3d 1347 (2d Cir.1998).").

Defendants respectfully submit that the plaintiffs' motion for certification as a collective action should be denied for failure to meet the threshold burden, as set forth above.  In light of the prior rulings of this Court, and solely in order to preserve their legal contentions, defendants also briefly note the following additional reasons why collective action certification under 29 U.S.C. § 216(b) should not be granted: (a) plaintiff Coytl apparently provided a fictitious last name to Ambaroom (see ¶ 5 of the Declaration of Alvaro R. Garcia submitted herewith) and is therefore not similarly situated nor adequate to represent others; (b) neither plaintiff has identified her legal status and, as such, may be subject to unique defenses not applicable to others, hence they are not similarly situated with respect to other waitresses.

Finally, it is noted that these plaintiffs had far more substantial tip income than they admit in their affidavits.  Ambaroom did keep a record of the 10% tips it collected, and computations based on these records show that with their recorded tip income one plaintiff was making over $10/hour while the other was making over $15/hour.  Declaration of Alvaro R. Garcia, ¶ 4-5.  Both amounts exceed the

conventional minimum wage of $7.15/hour.  In addition, both plaintiffs received unrecorded tip income from customers.  *Id.*, ¶ 2.  Defendants acknowledge that the amount of tip income is not a defense if a violation of the FLSA with respect to base pay is established, and defendants do *not* offer the amount of tip income as a defense. Instead, the plaintiffs' substantial tip income is relevant to the overall assessment of plaintiffs' case.  Unlike others who were denied overtime pay or who received marginal compensation for long hours of work and waiting, plaintiffs here received substantial cash income at Ambaroom.  Accordingly, this would appear to be a case in which treating the plaintiffs' claims as individual claims while denying collective action certification would be consistent with the remedial policies of the FLSA.

Dated: New York, New York
       July 14, 2009

                  _____s/_____
                  Roger J. Bernstein (RB 9501)
                  *Attorney for Defendants Restaurant on*
                  *Tenth Corp., Ambaroom Restaurant and*
                  *Lounge, and Carlos Ruiz*
                  233 Broadway, Suite 2701
                  New York, New York 10279
                  Telephone:  (212) 227-8383
                  Facsimile:   (646) 964-6633
                  rbernstein@rjblaw.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and accurate copy of the foregoing has been provided by Notice of Electronic Filing on July 14, 2009, to the following counsel of record:

>Helen F. Dalton & Associates, P.C.
>Attn: Roman Avshalumov
>Attorney for Plaintiffs

In addition copy was sent by telecopier to plaintiffs' counsel at 718 263 9598, their published telecopier number, and electronic confirmation of receipt was received.


                                        *s/Roger J. Bernstein*
                                        ROGER J. BERNSTEIN